IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| NATHAN WILSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:22CV226 |
| | ) | |
| PAUL KING, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court upon *pro se* Plaintiff Nathan Wilson's application to proceed *in forma pauperis* ("IFP"). (Docket Entry 1.) The Court will review the Complaint to determine whether dismissal is appropriate because it is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B); *Michau v. Charleston County*, 434 F.3d 725, 728 (4th Cir. 2006). A frivolous complaint "lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Nagy v. Federal Med. Ctr. Butner*, 376 F.3d 252, 256-57 (4th Cir. 2004) ("The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." (some internal quotation marks omitted)).

Alternatively, a complaint that does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" must be dismissed. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct." *Id.* The "court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff in weighing the legal sufficiency of the complaint," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, the standard requires a plaintiff to articulate facts, that, when accepted as true, demonstrate the plaintiff has stated a claim that makes it plausible he is entitled to relief. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678, and *Twombly*, 550 U.S. at 557). *Pro se* complaints are to be construed liberally and "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotations and citation omitted omitted).

Additionally, "[f]ederal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Thus, original jurisdiction lies in two types of cases: (1) those involving federal questions and (2) those involving diversity of citizenship. 28 U.S.C. §§ 1331 and 1332(a). The plaintiff bears the burden of showing that jurisdiction exists. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). Questions concerning subject matter jurisdiction may be raised at any time by the parties or *sua sponte* by the Court. *Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385, 390 (4th Cir. 2004). Should the Court conclude that it lacks subject matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3).

Here, a review of Plaintiff's Complaint raises threshold jurisdictional concerns. In the jurisdictional section of the Complaint, Plaintiff states "my mind open" as a basis for federal question jurisdiction pursuant to 28 U.S.C. § 1331 (*see* Compl. at 3),[1] which is insufficient to assert a claim arising under the Constitution, laws or treaties of the United States. In the diversity jurisdiction section, the Complaint lists Plaintiff as a citizen of North Carolina and Defendant Paul King as a corporation operating under the laws of the state of Georgia while stating "did a surgery when I didn't need one" as the amount in controversy. (*See id.* at 3-4.)[2] Even under the most liberal construction and assuming that the parties are diverse, the Court still lacks subject matter jurisdiction under 28 U.S.C. § 1332 because the Complaint does not set forth any specific amount in damages, nor otherwise sets out the amount-in-controversy requirement in excess of $75,000. Indeed, "[w]hile a *pro se* complaint is supposed to be liberally construed, a court cannot construe what is not in the complaint." *Killing v. Guma*, No. 116CV00514GBLIDD, 2016 WL 11668948, at *2 (E.D. Va. July 5, 2016) (unpublished). Thus, having not established a basis for jurisdiction, Plaintiff's Complaint should be dismissed.

Even if the Court were to conclude that subject-matter jurisdiction exists, Plaintiff's Complaint is still subject to dismissal for failure to state a plausible action as required under *Iqbal*. 556 U.S. at 678. Plaintiff's statement of the claim simply reads, "my medical records with cp at the white house." (Compl. at 4.) This allegation is wholly insubstantial and frivolous as it lacks an arguable basis either in law or fact. *Neitzke*, 490 U.S. at 325.

---

[1] All citations in this recommendation refer to the page numbers at the bottom right-hand corner of the documents as they appear in the Court's CM/ECF system.

[2] It is unclear whether Plaintiff is asserting that Paul King is an individual who worked at a hospital in Georgia. (*See* Compl. at 4.).

Beyond that, Plaintiff attaches several documents, including several state court filings involving himself and other individuals. (*See* Compl. at 6-38.) They shed no further light on establishing a cognizable claim under federal law.

As previously stated, Plaintiff mentions an unnecessary surgery, (*see id.* at 4), and the undersigned further acknowledges Plaintiff's designation of this action as a medical malpractice claim on his civil cover sheet. (*See* Docket Entry 3.)[3] Even if the Court were to construe this action as a medical malpractice state claim, Plaintiff fails to allege adequate facts to support his claim either under North Carolina or Georgia state law. *See Stockton v. Wake Cty.*, 173 F. Supp. 3d 292, 307 (E.D.N.C. 2016) (setting forth North Carolina Rule of Civil Procedure 9(j) pleading requirements and stating that "[f]ailure to comply with Rule 9(j) is ground for dismissal of a state medical-malpractice claim filed in federal court."); *Wright v. United States*, 280 F. Supp. 2d 472, 477 (M.D.N.C. 2003) ("To prevail on a medical malpractice claim in North Carolina, a plaintiff must establish: (1) the applicable standard of care; (2) the defendant's breach of that standard; and (3) that the breach caused the plaintiff's injury."); *Marigne v. United States Att'y for S. Dist. of Georgia*, No. CV 114-123, 2014 WL 12616976, at *2 (S.D. Ga. June 12, 2014) (unpublished) ("To state a medical malpractice claim under Georgia law, a plaintiff must state: "(1) the duty inherent in the doctor-patient relationship; (2) breach of that duty by failing to exercise the requisite degree of skill and care; and (3) . . . proximate cause . . . ."), *report and recommendation adopted*, No. CV 114-123, 2014 WL 12620840 (S.D. Ga. July 14, 2014) (unpublished). Plaintiff's Complaint hardly sets forth such allegations for such claim.

---

[3] There are other boxes selected under the "Nature of Suit" section; however, the "Personal Injury-Medical Malpractice" box is also circled.

4

Case 1:22-cv-00226-LCB-JLW    Document 4    Filed 04/04/22    Page 4 of 5

For all of these reasons, **IT IS HEREBY ORDERED** that Plaintiff's application to proceed *in forma pauperis* (Docket Entry 1) is **GRANTED** for the sole purpose of entering this Order and Recommendation.

**IT IS RECOMMENDED** that the Complaint be dismissed without prejudice for lack of subject-matter jurisdiction, or alternatively, pursuant to 28 U.S.C. § 1915(e)(2)(B) as frivolous and for failure to state a claim upon which relief may be granted.

*/s/ Joe L. Webster*
Joe L. Webster
United States Magistrate Judge

April 4, 2022
Durham, North Carolina

5

Case 1:22-cv-00226-LCB-JLW    Document 4    Filed 04/04/22    Page 5 of 5